Arthur. H Piervincenti, P.A.
631-300 Brawley School Rd. PMB # 225
Mooresville, NC 28117
Email: arthur@lawahp.com
*Attorneys for Plaintiff*
Our File No.: 116233

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Lashunda R. Kornegay, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Stern Recovery Services, inc.,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Lashunda R. Kornegay, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Stern Recovery Services, inc. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of North Carolina.

1

## PARTIES

5. Plaintiff Lashunda R. Kornegay is an individual who is a citizen of the State of North Carolina residing in Mecklenburg County, North Carolina.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Stern Recovery Services, inc., is a North Carolina Corporation with a principal place of business in Guilford County, North Carolina.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal medical services, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated April 5, 2018. (**Exhibit 1.**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

19. A debt collector has the obligation, not just to convey the required information,

but also to convey such clearly, in a non-confusing and non-contradictory fashion.

20. In the context of confusion and inconsistency, a collection letter violates the FDCPA where it is confusing from the perspective of the least sophisticated consumer.

21. The Letter implies that Plaintiff has multiple accounts with Defendant.

22. The least sophisticated consumer would be unable to determine what account or accounts Defendant was seeking to collect.

23. The least sophisticated consumer would be unsure whether the Letter concerned a single account or multiple accounts.

24. The least sophisticated consumer would be confused as to what account or accounts Defendant was seeking to collect.

25. The least sophisticated consumer would be uncertain as to what account or accounts Defendant was seeking to collect.

26. The least sophisticated consumer would be confused as to whether the Letter concerned a single debt or multiple debts.

27. The least sophisticated consumer would be uncertain as to whether the Letter concerned a single debt or multiple debts.

28. The least sophisticated consumer would be unable to determine the amount of the debts.

29. The least sophisticated consumer would be unable to identify the debts.

30. The least sophisticated consumer's ability to determine the true amount of the debt would be impaired.

31. The least sophisticated consumer's ability to identify the debts would be impaired.

32. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

33. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

34. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

35. While Section 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

36. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

37. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

38. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

39. The least sophisticated consumer could read the Letters to have two or more meanings, one of which is inaccurate.

40. The least sophisticated consumer could read the Letter to mean that Defendant is attempting to collect multiple accounts that have not been properly disclosed.

41. The Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

42. The least sophisticated consumer could read the Letter to mean it was for a single debt.

43. The least sophisticated consumer could read the Letter to mean it was for multiple debts.

44. These multiple interpretations would impede the least sophisticated consumer's ability to respond to the collection letter.

45. As one of these reasonable interpretations of the Letter must be false, the Letter is deceptive within the meaning of 15 U.S.C. § 1692e.

46. As the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as explained, the Letter is deceptive within the meaning of 15 U.S.C. § 1692e.

## **CLASS ALLEGATIONS**

47. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of North Carolina from whom Defendant attempted to collect a consumer debt using a collection letter substantially similar to the Letter herein, from

4

Case 3:19-cv-00153-FDW-DCK   Document 1   Filed 03/28/19   Page 4 of 6

one year before the date of this Complaint to the present.

48. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

49. Defendant regularly engages in debt collection.

50. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a collection letter substantially similar to the Letter herein.

51. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

52. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

53. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws

## JURY DEMAND

54. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c. Find that Defendant's actions violate the FDCPA; and

d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiff's costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: March 28, 2019

>Arthur. H Piervincenti, P.A.
>
>*s/ Arthur. H Piervincenti*
>631-300 Brawley School Rd. PMB # 225
>Mooresville, NC 28117
>arthur@lawahp.com
>*Attorneys for Plaintiff*
>
>David M. Barshay, Esq.
>(Pro Hac Vice to be submitted)
>Barshay Sanders, PLLC
>100 Garden City Plaza, Suite 500
>Garden City, New York 11530
>Tel: (516) 203-7600
>Fax: (516) 706-5055
>dbarshay@barshaysanders.com
>*Attorneys for Plaintiff*